IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES EASLEY | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 2:18-cv-00125 |
| THE CITY OF TAFT, TEXAS; | § | JURY TRIAL |
| KLAUS MANSION, *Individually*; and | § | |
| DENISE HITT, *Individually* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES** James Easley, Plaintiff herein, filing this, his *Plaintiff's Original Complaint*, praying for damages against The City of Taft, Texas, Klaus Mansion, *Individually*, and Denise Hitt, *Individually*, as Defendants have denied Plaintiff his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas. In support thereof, Plaintiff would show unto this Court as follows:

1. This is an action by Plaintiff for violations of the TEX. GOV'T CODE §§ 554.001 *et seq*. ("The Texas Whistleblower Act"), 42 U.S.C. §1983, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"), and the United States Constitution.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, 1343, as some of the causes of action involve a federal question, and this case was removed by Defendants to this Court, pursuant to 28 U.S.C. § 1441(a).

3. This action lies in the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. § 1391(b), as it is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

# I.
# THE PARTIES

4.      Plaintiff James Easley (hereinafter "Plaintiff") is a citizen of the United States and a former employee of the City of Taft, Texas.

5.      Defendant City of Taft, Texas, (hereinafter "City"), is a political subdivision of the State of Texas.

6.      Defendant Klaus Mansion (hereinafter "Mansion") was at all times material to this suit employed by the Taft Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and were committed during his employment and authority with the City of Taft Police Department.

7.      Defendant Denise Hitt (hereinafter "Hitt") was at all times material to this suit employed by the City of Taft. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and were committed during her employment and authority with the City of Taft.

# II.
# STATEMENT OF FACTS

8.      Plaintiff states that, at all relevant times hereto, he was employed as a police officer for the City. In the course and scope of his statutory obligations as a police officer for the City, Plaintiff made reports to Hitt, Mansion, the Texas Rangers and the San Patricio Sheriff's Department.

9.      More specifically, Plaintiff was hired on or about June 2, 2010, as a Patrol officer. In September of 2012, Plaintiff was promoted to Sergeant Investigator.

10.     On or about May 2, 2016, Klaus Mansion was hired as the City of Taft police chief.

11.     On or about April 14, 2016, Plaintiff was injured on the job when he twisted his knee during a during a foot pursuit. The injury – a torn ACL and a torn meniscus – caused Plaintiff immediately

be out of work. Plaintiff had surgery on July 1, 2016, to repair his knee.

12. On August 11, 2016, Plaintiff received a medical release to return to work on light duty. Upon his return, Plaintiff's light duty request was facilitated and Plaintiff was placed in the position of assistant to code compliance officer, Gary Keenan.

13. On November 11, 2017, Plaintiff received a call from Denise Hitt who told Plaintiff that there was a young man – Devon Armstrong – in the library who was not supposed to be there pursuant to a criminal trespass warning and that Armstrong had been banned from all city buildings as well as a private residence. To verify the criminal trespass warning, Plaintiff checked the Criminal Trespass Warning Logbook as it was policy for the police department to log in every criminal trespass warning issued. Unsure of what to do when he discovered that, against policy, no one had ever logged in a criminal trespass warning for Armstrong, Plaintiff sent a patrol officer to pick Armstrong up from the library.

14. Once back at the police station, Mansion met with Armstrong in Plaintiff's presence, and Plaintiff was a party to, and recorded, each of the events on that date occurring between Armstrong and Mansion, as well as between Armstrong and other Taft officers. Throughout the course of the events, Armstrong was, *inter alia*, harassed, verbally abused, degraded and humiliated.

15. Within a day or two, Plaintiff turned over each of the videos he had recorded to the San Patricio Sheriff's Department. An investigation was lodged and Plaintiff was interviewed by the Texas Rangers on or about January 5, 2017. Once complete, the investigation was turned over to the San Patricio County District Attorney's Office.

16. On or about January 1, 2017, through March 20, 2017, Plaintiff was out on leave for his work-related injury. While out, in mid-March, Mansion was interviewed by the authorities and was informed that Plaintiff was the one who took the video of Mansion's wrongdoings.

17.     On March 20, 2017, Plaintiff was released to go back to work on light duty. When Plaintiff met with Mansion, Hitt and Mary Alice Sandoval to discuss coming back to work, he was informed that he was no longer allowed to work light duty, even though that is what his doctor ordered. Plaintiff suggested he be placed back into his previous administrative position but that request was denied.

18.     As a result of the authorities' investigation, on or about April 4, 2017, Mansion was charged with Official Oppression for using his office to force Armstrong (a homeless man) to leave town. Mansion was allowed to remain on paid leave until such time as he completed a pre-trial diversion program resulting in the charges against him being dismissed.

19.     Despite the fact that Plaintiff was promoted to Sergeant, Plaintiff was informed that by Hitt and Sandoval that all of the information regarding his promotion to Sergeant had been removed from his file and told that he was never promoted.

20.     Since March 20, 2017, Plaintiff has been ready, willing and able to work, but has not been allowed to return to work.

## III.
## VIOLATIONS OF THE UNITED STATES CONSTITUTION

21.     By and through his Original Complaint, Plaintiff pleads that the City of Taft, Texas, maintains a pattern and practice of depriving persons, including Plaintiff, of their rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

22.     By and through his Original Complaint, Plaintiff pleads that all Defendants retaliated against him in violation of the First Amendment to the United States Constitution because he engaged in free speech regarding matters of public concern: misconduct by the City of Taft, Klaus Mansion and Denise Hitt. Plaintiff avers that his free speech was a motivating or substantial factor

in Defendants' retaliatory conduct toward him.

24. By and through his Original Complaint, Plaintiff pleads that Defendants retaliated against him in violation of the First Amendment to the United States Constitution because Defendants, jointly and severally, retaliated and/or conspired to retaliate against him because he engaged in protected free speech.

24. By and through his Original Complaint, Plaintiff pleads that all Defendants denied him procedural due process under the laws in violation of the Fourteenth Amendment to the United States Constitution.

25. By and through his Original Complaint, Plaintiff pleads that all Defendants violated his substantive due process rights in violation of the Fourteenth Amendment to the United States Constitution and that at all relevant times hereto, they were deliberately indifferent to Plaintiff's civil rights.

## IV.
## **VIOLATIONS OF 42 U.S.C. §1983**

26. By and through his Original Complaint, Plaintiff pleads that all Defendants, under color of statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Plaintiff to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws. Plaintiff pleads that all Defendants additionally violated his civil rights as protected by 42 U.S.C. §1983 by retaliating against Plaintiff for his free speech.

27. By and through his Original Complaint, Plaintiff pleads that all Defendants, through their employees, agents, and representatives, implemented and enforced a custom, policy statement, ordinance, regulation, or decision that deprived him of his civil rights. Under color of state law, all Defendants conspired to retaliate against him because he engaged in free speech regarding matters

5

of public concern: misconduct by the City of Taft, Klaus Mansion and Denise Hitt.

28. By and through his Original Complaint, Plaintiff pleads that the City of Taft's customs, policy statements, ordinances, regulations, or decisions deprived him of his civil rights. Under color of state law, Plaintiff pleads that all Defendants retaliated against him in violation of the First Amendment to the United States Constitution because they, jointly and severally, retaliated and/or conspired to retaliate against him because he engaged in protected free speech.

29. More specifically, Defendants retaliated against Plaintiff as set forth in Plaintiff's Statement of Facts because he made public complaints to the San Patricio District Attorney, the Texas Attorney General and the Texas Workforce Commission about the City of Taft, Klaus Mansion and Denise Hitt. The City of Taft, by operation of its customs, policy statements, ordinances, regulations, or decisions, permits, tolerates, and encourages a workplace atmosphere where free speech rights and "whistleblowing" are disfavored and suppressed.

30. By and through his Original Complaint, and pleading in the alternative, Plaintiff pleads that Defendants maintained a persistent, widespread practice by officials or employees that, although not authorized by officially adopted and promulgated policy, was so common and well settled that it constituted a custom and fairly represented municipal policy and that such persistent and widespread practice deprived him of his civil rights. The City of Taft, by operation of a persistent, widespread practice by officials or employees that, although not authorized by officially adopted and promulgated policy, was so common and well settled that it constituted a custom and fairly represented municipal policy, that permits, tolerates, and encourages a workplace atmosphere where free speech rights and "whistleblowing" are disfavored and suppressed.

## V.
## VIOLATIONS OF THE TEXAS GOVERNMENT CODE
## "THE TEXAS WHISTLEBLOWER ACT"

31. By and through his Original Complaint, Plaintiff pleads that Defendant The City of Taft, Texas, engaged in illegal conduct in violation of Texas law and the Texas Government Code TEX. GOV'T CODE §§ 554.001 *et seq*. More specifically, Plaintiff claims that, subsequent to his good faith reports of violations of law to law enforcement authorities, Defendant arbitrarily and capriciously suspended, terminated the employment of, and/or took other adverse personnel actions against Plaintiff. Further, Plaintiff claims that Defendant engaged in the discriminatory and retaliatory conduct that would not have otherwise occurred but for the reports made.

## VI.
## VIOLATIONS OF THE EMPLOYMENT RETIREMENT
## INCOME SECURITY ACT "ERISA"

32. Plaintiff was a participant in and beneficiary of employee benefits plans sponsored by Defendant City, which are subject to ERISA.

33. At all relevant times Defendant City acted as sponsor and administrator or co-administrator of the ERISA plans.

34. When Defendants violated the Texas Whistle Blower Act, ERISA, the United States Constitution and 42 U.S.C. §1983, Defendant City violated ERISA by interfering with Plaintiff's employment in retaliation for exercising his rights, with the intent to interfere with the attainment of rights under Defendant City's disability, pension, medical and leave plans in violation of ERISA.

35. At all times Defendant City acted as the administrator and/or co-administrator of the ERISA plans. Defendant City made representations to Plaintiff regarding his rights to benefits and rights under ERISA plans. Defendant City by virtue of its position and conduct had fiduciary obligations imposed upon it under ERISA, which it violated by conduct as described in the

previous paragraphs.

36. As a result of Defendants' willful and malicious actions in violation of said Acts, it has caused, in part or in whole, Plaintiff's damages in the form of lost benefits, back pay wages, front pay wages, front pay overtime wages, all loss of earnings in the future as a result of its unlawful acts. Defendants should be required to pay such damages, including exemplary damages, pre and post judgment interest, all costs reasonably associated with this litigation, court costs and reasonable attorney fees due to its willful, malicious and wanton retaliatory actions.

## VII.
## DISCOVERY/TOLLING

37. To the extent required by the Texas Government Code, the Texas Rules of Procedure or other statute governing the Whistleblower Act claims addressed herein, Plaintiff pleads all tolling and/or discovery rule provisions concerning same.

## VIII.
## DAMAGES

38. By and through his Original Complaint, Plaintiff pleads that Defendants, and their agents, employees and representatives, have caused him grievous harm and damages. As a direct and proximate result of their violations of federal and state law, Defendants have caused Plaintiff to suffer lost past and future wages, and will continue to suffer loss of same into the foreseeable future.

39. By and through his Original Complaint, Plaintiff pleads that Defendants have caused him to suffer acute mental anguish including, but not limited to, extreme distress and mental pain, intense feelings of guilt and depression, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and nation of affection from his family and friends. Plaintiff will, in all likelihood and for the balance of his life, continue to suffer future

mental anguish.

40. By and through his Original Complaint, Plaintiff pleads that Defendants violated his civil rights with malice or reckless indifference to the federally protected rights of an aggrieved individual.

41. Plaintiff was forced to secure the undersigned counsel to protect his civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that, upon final trial on the merits, he recover judgment against Defendants, said judgment entitling Plaintiff to:

a. all direct damages;

b. consequential and incidental damages, which may include the value of lost income for advancements, lost salary income for future employment, and whatever else may be proven during the course of litigation;

c. compensatory and non-compensatory damages, whether general or special, in an amount deemed sufficient by a trier of fact;

d. liquidated damages;

e. exemplary damages;

f. court costs, including the costs of litigation;

g. pre-judgment interest and post judgment interest, at the maximum rate as allowed by law;

h. any other relief that the Court deems necessary;

i. Reasonable and necessary attorney's fees;

j. A mandatory injunction installing Plaintiff to a position of employment with all applicable employment benefits, retroactive to March 20, 2017;

k. A mandatory injunction forbidding Defendants from violating rights secured by federal

law; and

l.  Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
Amie Augenstein
Amie@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

*/s/ Christopher J. Gale*
Christopher J. Gale
Chris@GaleLawGroup.com
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 16th day of May, 2018.

/s/ *Amie Augenstein*
Amie Augenstein

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of May, 2018, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

**James McKibben**  *Via E-Notification*
*Attorney in Charge*
jmckibben@mcv-law.com
**Lisa Aguilar Wood**
*Of Counsel*
laguilarwood@mmjw-law.com
MCKIBBEN, MARTINEZ, JARVIS, AND WOOD, L.L.P.
555 N. Carancahua St., Suite 1100
Corpus Christi, Texas 78401
Telephone: (361) 882-6611

/s/ *Amie Augenstein*
Amie Augenstein